Case 4:21-cv-02771   Document 2-2   Filed on 08/24/21 in TXSD   Page 1 of 7

7/26/2021 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55681750
By: Courtni Gilbert
Filed: 7/26/2021 10:06 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **YOLANDA GUEVARA**<br>Plaintiff, | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| v. | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **OSI RESTAURANT PARTNERS, LLC**<br>Defendant. | §<br>§<br>§ | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, YOLANDA GUEVARA, hereinafter Plaintiff, who files this Plaintiff's Original Petition complaining of OSI RESTAURANT PARTNERS, LLC, hereinafter Defendant, and for cause would show unto the Court as follows:

### I.
### DISCOVERY PLAN

1. Plaintiff intends to conduct discovery in this case under a Level 2 plan pursuant to Texas Rules of Civil Procedure ("TRCP") Rule 190.3. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend this claim for damages as discovery progresses.

### II.
### PARTIES

2. Plaintiff Yolanda Guevara is an individual residing in Harris County, Texas.

3. Defendant OSI Restaurant Partners, LLC is a foreign company doing business in Harris County, Texas. OSI Restaurant Partners, LLC may be served through its registered agent, CORPORATE CREATIONS NETWORK INC., 3411 SILVERSIDE ROAD, TATNALL BUILDING, STE 104, WILMINGTON, DELAWARE 19810.

### III.
### MISNOMER/ALTER EGO

4. In the event any party is misnamed or is not included herein, it is the Plaintiff's contention that it was a misidentification, misnomer, and/or such parties are/were alter egos of the parties named herein. Alternately, Plaintiff contends that any corporate veils or other contrivances should be pierced to hold such parties properly included in the interest of justice.

5. Plaintiff expressly reserves her right to have the true name(s) of the parties substituted at a later time upon motion to the Court.

### IV.
### VENUE AND JURISDICTION

6. Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice and Remedies Code ("TCPRC") §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas.

7. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over all parties.

### V.
### FACTS

8. On or about August 3, 2019, Ms. Guevara was a patron at a restaurant (a/k/a Outback Steakhouse) owned and/or managed by OSI Restaurant Partners, LLC, located at 24600 Katy Freeway, Ste. 2000, Katy, TX 77494. Ms. Guevara was on her way back from the restroom when she slipped on a liquid on the floor approximately one table before her table, resulting in substantial personal injuries. Defendant's waiter that was attending her table saw Ms. Guevara fall and helped her get up. Ms. Guevara was helped back to her table to sit down with her partner.

Certified Document Number: 97021860 - Page 2 of 6

Defendant's manager gave her an ice compression to put on her body. Ms. Guevara was further informed that a representative of Defendant would give her a call, but no one ever did.

9. Prior to this fall, Plaintiff led a very active life revolving around her family and friends. As a result of her injury, Plaintiff is unable to maintain her active life style and experiences significant pain.

10. Defendant has the rights and duties of an owner, occupier, manager, and one with the right of control over the subject property and area where the incident complained of herein occurred. Defendant was negligent when it failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

## VI.
## CAUSES OF ACTION

**Count 1 - Premises Liability**

11. The facts set forth above are fully incorporated herein.

12. Recovery against Defendant is justified under the common law theory of premises liability. Plaintiff was a customer and invitee of the premises owned, managed, and/or controlled by Defendant. Defendant owed Plaintiff the duty owed to a customer to exercise care to protect Plaintiff not only from those risks of which Defendant was aware, but also those risks of which the owner or occupier should have been aware after reasonable inspection or after sufficient time passed such that a reasonable person would have known or in the exercise of reasonable care would or should have known of the dangerous and/or hazardous condition.

13. Here, Defendant failed to inspect and maintain the area in question in a safe manner and failed to warn the public and Plaintiff of the dangerous condition. Defendant knew, or should have known, that the hazardous condition on the property existed. Defendant's negligence and

failure to act as a reasonable prudent person under the same or similar circumstances proximately caused Plaintiff's injuries and damages.

14. Plaintiff further alleges that Defendant had actual knowledge of the hazardous and/or dangerous condition on the subject property, which a reasonable and careful inspection would have revealed, or which was created by Defendant. In the alternative, Defendant knew or reasonably should have known of the dangerous condition on the premises. The condition posed an unreasonable risk of harm to Plaintiff and other invitees entering the property. Defendant failed to exercise reasonable care to reduce, eliminate, or warn of the hazardous condition and such failure by Defendant proximately caused the incident complained of herein, as well as Plaintiff's injuries and damages.

**Count 2 – Gross Negligence**

15. The facts set forth above are fully incorporated herein.

16. Defendant proximately caused Plaintiff's injuries with wanton and reckless disregard for Plaintiff's safety. When viewed objectively from the standpoint of Defendant at the time of its occurrence, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including the Plaintiff. That is, Defendant clearly knew that the hazardous condition (wet floors) posed an extreme degree of risk in the highly-trafficked area of the premises. Aware of the serious risks posed, Defendant knowingly and recklessly failed to address the risk, in violation of multiple industry standards and likely their own safety policies and protocols, resulting in the injuries to Plaintiff. Therefore, Plaintiff sues for exemplary damages.

## VII.
## DAMAGES

Certified Document Number: 97021860 - Page 4 of 6

17. As a direct and proximate result of Defendant's wrongful actions described above, Plaintiff suffered serious personal injury, mental anguish, and trauma. Accordingly, Plaintiff seeks the following damages:

    a. Reasonable and necessary medical, psychiatric, and psychological expenses incurred in the past;

    b. Reasonable and necessary medical, psychiatric, and psychological expenses reasonably likely to be incurred in the future;

    c. Mental anguish in the past;

    d. Mental anguish in the future;

    e. Physical and mental impairment/disfigurement in the past;

    f. Physical and mental impairment/disfigurement in the future;

    g. Physical and psychological pain/mental anguish suffered in the past;

    h. Physical and psychological pain/mental anguish suffered in the future;

    i. Loss of enjoyment and quality of life in the past;

    j. Loss of enjoyment and quality of life in the future;

    k. Lost wages in the past;

    l. Lost wages in the future;

    m. Loss of earning capacity in the past;

    n. Loss of earning capacity in the future; and

    o. Exemplary damages.

## VIII.
## CLAIM FOR PRE- AND POST-JUDGMENT INTEREST

18. Plaintiff is entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate.

## IX.
## JURY DEMAND

19. Pursuant to Rule 216 of the Texas Rule of Civil Procedure. Plaintiff hereby demands a trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff have judgment against Defendant for the damages described herein, for actual damages, exemplary damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**NGUYEN & CHEN, LLP**

*/s/ Anissah M. Andang*
Anissah M. Andang
State Bar No. 24072895
Email: aandang@nguyen-chen.com
Randall Towns
State Bar No. 24110445
Email: rtowns@nguyen-chen.com
11200 Westheimer, Suite 120
Houston, Texas 77042
Phone: (832) 767-0339
Fax: (832) 767-066

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 97021860 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 23, 2021

Certified Document Number:        97021860 Total Pages:  6

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**