8/20/2021 2:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56515341
By: Iliana Perez
Filed: 8/20/2021 2:41 PM

## CAUSE NO. 2021-45016

| | | |
|---|---|---|
| YOLANDA GUEVARA<br>　　　Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OSI RESTAURANT PARTNERS, LLC | § | |
| 　　　Defendant. | § | 113TH JUDICIAL DISTRICT |

## DEFENDANT, OSI RESTAURANT PARTNERS, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**OSI RESTAURANT PARTNERS, LLC** ("Defendant"), Defendant in the above styled and numbered cause, files this Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

## I.

## GENERAL DENIAL

Subject to such stipulations and admissions as may hereafter be made, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

Certified Document Number: 97469505 - Page 1 of 7

## II.

## <u>COMPARATIVE FAULT</u>

The incident complained of in Plaintiff's Original Petition was caused by the negligence and carelessness on the part of Plaintiff, and this was the sole cause or at least a proximate cause of the incident made the basis of this lawsuit.

## III.

## <u>LIMITATIONS ON LIABILITY FOR MEDICAL EXPENSES</u>

For further answer, Defendant's liability, if any, for Plaintiff's medical expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff in accordance with Section 41.0105 of the Texas Civil Practice and Remedies Code.

## IV.

The statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code is asserted to limit recovery of medical or healthcare expenses to the amount actually paid or incurred.

Further, Plaintiff's claims for medical expenses are barred by the provision of Section 146, eq seq of the Texas Civil Practice and Remedies Code, to the extent that Plaintiff is covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider, CPRC 146.003.

2

Certified Document Number: 97469505 - Page 2 of 7

## V.

## **FAILURE TO MITIGATE DAMAGES**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## VI.

## **LIMITATION ON RECOVERY OF LOSS OF EARNINGS**

Further, Defendant states that pursuant to §18.091 of the Texas Civil Practice and Remedies Code, if Plaintiff is seeking recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, any evidence to prove the alleged loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

## VII.

Should the court decide that punitive damages may be awarded, Plaintiff should be required to show that he is entitled to such damages by a burden of proof of "beyond a reasonable doubt" rather than by a "preponderance of the evidence." Punitive damages are intended to punish, and it is not appropriate for Plaintiff to be allowed to recover such damages by the lower standard of the burden of proof.

## VIII.

Should the court decide that punitive damages should be awarded in this case, Plaintiff should be required to show that he is entitled to such damages by "clear and convincing

3

evidence" rather than by a "preponderance of the evidence." Punitive damages are intended to punish, and it is not appropriate for Plaintiff to be allowed to recover such damages by the lower standard of the burden of proof.

## IX.

Should the court decide that punitive damages should be awarded, the damages must be based on a finding on intention, malicious, and conscious criminal conduct by Defendant.

## X.

## RULE 193.7 NOTICE OF INTENT TO USE DISCOVERY DOCUMENTS

Pursuant to TEX. R. CIV. P. 193.7, Plaintiff is hereby notified that Defendant shall use any and all documents Plaintiff and Defendant produce in response to any discovery request in all pretrial proceedings and at the time of trial.

## XI.

## NOTICE OF CONSENT TO ELECTRONIC SERVICE

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause *only* when service is completed through eFileTexas.gov, the state authorized electronic filing manager and by serving all individuals who have elected to receive notice on behalf of Defendant.

4

Certified Document Number: 97469505 - Page 4 of 7

## XII.

### PRAYER

FOR THESE REASONS, Defendant, **OSI RESTAURANT PARTNERS, LLC,** prays that Plaintiff takes nothing by way of this suit; that Judgment be entered for Defendant; that Defendant recovers costs of Court; and that it has such other and further relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

**NICK LANZA**
TBA No. 11941225
**STEW SCHMELLA**
TBA No. 24033041
2502 Algerian Way
Houston, TX 77098
**eservice@lanzalawfirm.com**
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT,
OSI RESTAURANT PARTNERS, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to all known counsel of record on the 20 day of August 2021, as indicated:

Anissah M. Andang                      *Via E-Service: aandang@nguyen-chen.com*
Randall Towns                          *Via E-Service: rtowns@nguyen-chen.com*
NGUYEN & CHEN, LLP
11200 Westheimer, Suite 120
Houston, TX 77042


NICK LANZA

6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shirley Scott on behalf of Nicholas J. Lanza
Bar No. 11941225
sscott@lanzalawfirm.com
Envelope ID: 56515341
Status as of 8/20/2021 3:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nguyen and Chen Law Firm | | service@nguyen-chen.com | 8/20/2021 2:41:23 PM | SENT |
| Anissah MAndang | | aandang@nguyen-chen.com | 8/20/2021 2:41:23 PM | SENT |
| Randall Towns | | rtowns@nguyen-chen.com | 8/20/2021 2:41:23 PM | SENT |
| Lanza Law Firm EService | | eservice@lanzalawfirm.com | 8/20/2021 2:41:23 PM | SENT |
| Stewart K.Schmella | | sschmella@lanzalawfirm.com | 8/20/2021 2:41:23 PM | SENT |
| Yvonne Maund | | ymaund@lanzalawfirm.com | 8/20/2021 2:41:23 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2021

Certified Document Number:        97469505 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**